UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DAMON ANTHONY DASH, a/k/a Dash Dame, /

Case No.: 8:25-bk-06436-RCT
Chapter 7

**TRUSTEE'S MOTION FOR TURNOVER OF ARTWORK AND RELATED AUTHENTICATION AND PROVENANCE DOCUMENTS**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST A HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and, if the moving party is not represented by an attorney, mail a copy to the moving party at Katelyn M. Vinson, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

COMES NOW the Trustee, Traci K. Stevenson (the "Trustee"), by and through undersigned counsel, and hereby moves, pursuant to 11 U.S.C. §§ 105(a), 521(a)(3), 521(a)(4), 541(a), and 542(a), and Federal Rules of Bankruptcy Procedure 7001(a) and 9014, for an Order compelling the Debtor, Damon Anthony Dash (the "Debtor"), to turn over to the Trustee certain artwork and limited-edition prints that are property of the estate, together with

all certificates of authenticity and provenance documentation relating to them, and authorizing the Trustee, upon the Debtor's non-compliance, to obtain possession of that property with the assistance of the United States Marshals Service, and in support thereof states as follows:

## Background

1. On September 4, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (Doc. 1).

2. Traci K. Stevenson is the duly appointed, qualified, and acting Chapter 7 Trustee of the above-styled bankruptcy estate.

3. The meeting of creditors was held and concluded on October 22, 2025. The Trustee filed notices of recovery of assets, and the Court set January 10, 2026, as the deadline for filing proofs of claim. (Doc. 12).

4. The Debtor's address of record is 6039 Cypress Gardens Blvd. #620, Winter Haven, Florida 33884. At his Rule 2004 examination, the Debtor testified that his current home address is 228 McLean Point in Winter Haven, Florida (the "Residence"), and that he resides there with Raquel Horn. (Ex. A at 8:24–9:2; 24:10–11).

5. The Debtor did not disclose any artwork, prints, or other collectibles of value on Part 3, Line 8 of his Schedule A/B, and did not claim any exemption in such property on Schedule C. (Doc. 1).

## The Artwork

6. Based on information obtained by the Trustee, including information provided by third parties such as former spouses of the Debtor, the Trustee believes that the Debtor owns and is in possession of the following works of art and limited-edition prints (collectively, the "Artwork"):

a. Andy Warhol, *Geronimo* (F. & S. II.384), a screenprint from Warhol's 1986 *Cowboys and Indians* portfolio, with an estimated resale value in excess of $100,000.00 (the "Warhol");

b. Mr. Brainwash (Thierry Guetta), *Obama Superman*, with an estimated resale value of $35,000.00;

c. Peter Beard, *Giraffes in Mirage*, with an estimated resale value of $40,000.00; and

d. Donald Baechler, *Beachball*, with an estimated resale value of $50,000.00.

7. In the aggregate, the Trustee estimates that the Artwork has a resale value in excess of $225,000.00, which, if liquidated, would provide a meaningful distribution to unsecured creditors.

8. The Debtor has a long history of owning and operating art galleries. The Debtor's DD172 venture opened an art gallery, The Dash Gallery, on February 19, 2010, at 172 Duane Street in the Tribeca neighborhood of Manhattan, and the Debtor later announced the opening of the Poppington gallery at 60 Orchard Street on Manhattan's Lower East Side. Upon information and belief, the Debtor has also been involved with an art gallery in London. At his Rule 2004 examination, the Debtor described DD172 as "my art gallery" (Ex. A at 27:16–23) and testified that he held a fifty-percent (50%) interest in Poppington with Ms. Horn. (Ex. A at 23:8–24:6).

9. The Debtor appears in a publicly posted YouTube video, available at https://www.youtube.com/shorts/1TIDbIYPkuo (the "Video"), in which he displays the Artwork, including the Warhol, at a residence. The Video was played and marked as Exhibit 5 at the Debtor's Rule 2004 examination, and the Debtor confirmed under oath that he is the person shown in it. (Ex. A at 65:14–66:8).

## The Debtor's Rule 2004 Testimony

10. On March 5, 2026, the Trustee conducted the Rule 2004 examination of the Debtor. True and correct excerpts of the transcript, including pages 65 through 67, are attached hereto as Exhibit "A."

11. When first asked whether he owned an Andy Warhol painting, the Debtor answered "No." (Ex. A at 65:14–18). After the Video was played and the Debtor confirmed that he was the person in it, the Debtor denied that the Warhol was in his home but then conceded that it is in the property in which he lives:

> Q. Is that in your home?
>
> A. I don't have -- it's not in my home.
>
> Q. Is it in the property that you live in?
>
> A. Yeah.
>
> (Ex. A at 66:12–15).

12. The Debtor then asserted that the Warhol is "in the family office" and that "[t]he family owns it," explaining that "whenever we do art and we have art, it all goes to my kids." (Ex. A at 66:16–25). The Debtor did not identify any entity called the "family office," its owners, or any document by which title to the Warhol or any other Artwork was transferred to his children or anyone else.

13. When asked how the "family office" obtained the Warhol and who gave it, the Debtor answered only that "people give us art all the time" and that "it's been so long." (Ex. A at 67:12–19).

14. The Debtor further testified that the art is not insured, stating: "No. It's not insurable." (Ex. A at 67:5–11).

15. Following the examination, the Trustee requested documents from the Debtor, including documents relating to the Artwork. To date, the Debtor has not produced any certificate of authenticity, bill of sale, gift instrument, or other document reflecting the acquisition, ownership, or transfer of any of the Artwork.

## Legal Basis for Relief

16. The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Trustee is charged with collecting and reducing to money the property of the estate. 11 U.S.C. § 704(a)(1).

17. Section 542(a) requires any entity in possession, custody, or control of property that the trustee may use, sell, or lease under section 363 to "deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a). In addition, a debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title," 11 U.S.C. § 521(a)(3), and must "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." 11 U.S.C. § 521(a)(4).

18. Although a proceeding to recover money or property is ordinarily an adversary proceeding, a proceeding "to compel the debtor to deliver property to the trustee" is expressly excepted and may be brought by motion as a contested matter. Fed. R. Bankr. P. 7001(a); Fed. R. Bankr. P. 9014.

19. The Artwork is property of the estate. Under Florida law, possession of personal property is prima facie evidence of title. *Nash Miami Motors, Inc. v. Bandel*, 37 So. 2d 366 (Fla. 1948) (quoting *Glass v. Continental Guaranty Corp.*, 81 Fla. 687, 88 So. 876 (Fla. 1921). The Debtor admitted under oath that the Warhol is located in the property where he lives; he

displayed the Artwork in the Video; and he has spent years owning and operating art galleries. Against this, the Debtor offers only an unexplained assertion that an unidentified "family office" owns the Artwork, without identifying the entity, the donor, the date of acquisition, or any instrument of transfer.

20. To the extent the Debtor contends that he transferred the Artwork to his children or to a "family office" while continuing to keep it in his own residence, the Debtor's retention of possession and control of property after a purported transfer is a recognized badge of fraud. Fla. Stat. § 726.105(2)(b). The Trustee reserves all rights and claims under 11 U.S.C. §§ 544, 548, 549, and 550 and Chapter 726, Florida Statutes, with respect to any such purported transfer, and further reserves all rights with respect to the Debtor's membership interest in Poppington, LLC and any artwork the Debtor may contend is held by that entity. Turnover of the Artwork to the Trustee for safekeeping preserves the status quo and protects the value of the Artwork for whichever party is ultimately determined to hold an interest in it.

21. The certificates of authenticity and provenance documentation are "recorded information . . . relating to property of the estate" that the Debtor must surrender under 11 U.S.C. § 521(a)(4). The market value of fine art and limited-edition prints depends heavily on documented authenticity and chain of ownership. Without that documentation, the Trustee's ability to market and sell the Artwork, and the price the estate can obtain, will be materially impaired.

22. Immediate turnover is necessary to protect the estate. By the Debtor's own testimony, the Artwork is uninsured and is kept in a residence occupied by the Debtor and others. The Debtor has disclaimed ownership of the Artwork under oath, which heightens the risk that the Artwork will be damaged, moved, transferred, or concealed before it can be

administered. The Trustee intends to store the Artwork with a professional fine-art handler in a secure, climate-controlled facility, to insure it, and to seek separate Court approval to employ an appraiser and/or auctioneer to market and sell it.

23. The Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The United States Marshals Service is charged with executing "all lawful writs, process, and orders issued under the authority of the United States." 28 U.S.C. § 566(c). Given the Debtor's sworn denial of ownership and the location of the Artwork inside a residence, the Trustee requests that the Court authorize the assistance of the United States Marshals Service in the event the Debtor fails to comply with an Order granting this Motion.

24. The Trustee specifically seeks the following relief:

a. That the Debtor, within seven (7) days of entry of an Order granting the instant Motion, turn over the Artwork to the Trustee or her designated agent, in its present condition and with all frames, mounts, and glazing, at the Residence or at such other location in the State of Florida as the Trustee may designate in writing;

b. That the Debtor, within seven (7) days of entry of an Order granting the instant Motion, turn over to the Trustee all certificates of authenticity and all provenance documentation relating to the Artwork, including, without limitation, bills of sale, invoices, receipts, gift letters, gallery or auction records, catalogue raisonné references, appraisals, condition reports, consignment and shipping records, and correspondence relating to the acquisition, ownership, or transfer of any of the Artwork;

c. That the Debtor, within seven (7) days of entry of an Order granting the instant Motion, file a declaration under penalty of perjury identifying: (i) the current location of each piece of the Artwork; (ii) every person or entity the Debtor contends holds any interest in any of the Artwork, including the full legal name, form, state of organization, and owners of the purported "family office"; (iii) the date and manner in which each piece of the Artwork was acquired and from whom; and (iv) any other artwork, prints, or collectibles with a value in excess of $1,000.00 that have been in the Debtor's possession, custody, or control at any time since the date four (4) years before the Petition Date, and the disposition of each;

d. That the Debtor permit the Trustee, her counsel, and her agents, including professional fine-art handlers, to access the Residence upon forty-eight (48) hours' notice to inspect, photograph, inventory, pack, and remove the Artwork;

e. That the Debtor, and all persons acting in concert with the Debtor who receive actual notice of the Order, be prohibited from selling, transferring, encumbering, concealing, moving, or altering any of the Artwork or the related documentation pending turnover to the Trustee;

f. That the Trustee be authorized to transport, store, and insure the Artwork, with the reasonable costs thereof to be paid as an administrative expense of the estate;

g. That, upon the Trustee's filing of a notice of non-compliance with an Order granting the instant Motion, the Trustee be permitted to submit, without further hearing, an order directing the United States Marshals Service to accompany and assist the Trustee, her counsel, and her agents in entering the Residence,

or any other location where the Artwork is found within the State of Florida, to take possession of and remove the Artwork and the related documentation; and

h. That the Debtor's failure to comply with an Order granting the instant Motion shall create a rebuttable presumption that:

i. the Debtor has failed to comply with the duties imposed under 11 U.S.C. § 521(a)(3) and (a)(4);

ii. the Debtor's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(3) for refusal to obey a lawful order of the Court within the meaning of 11 U.S.C. § 727(a)(6)(A); and

iii. a pecuniary sanction shall be imposed against the Debtor for any and all costs actually incurred by the Trustee and/or her agents as a result of the Debtor's non-compliance, including the costs of obtaining possession of the Artwork, with such sanction to be sought by separate motion of the Trustee or an otherwise adversely affected party.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (a) granting the Trustee's Motion to Compel Debtor's Turnover of Artwork and Related Authentication and Provenance Documents; (b) compelling the Debtor to turn over the Artwork, and all certificates of authenticity and provenance documentation relating to the Artwork, to the Trustee within seven (7) days of entry of the Order; (c) requiring the Debtor to file the sworn declaration described above within seven (7) days of entry of the Order; (d) requiring the Debtor to permit the Trustee and her agents access to the Residence to inspect, inventory, pack, and remove the Artwork; (e) prohibiting the Debtor and those acting in concert with him from selling, transferring, encumbering, concealing, moving, or altering the Artwork or related documentation; (f) authorizing the Trustee to transport, store, and insure the Artwork as an administrative expense of the estate; (g) permitting the Trustee, upon the filing of a notice of non-compliance, to submit without further hearing an order directing the United States Marshals Service to assist the Trustee in obtaining possession of the Artwork;

(h) providing that the Debtor's failure to comply shall create the rebuttable presumptions described above, including that the Debtor's discharge should be revoked and that pecuniary sanctions may be imposed; and (i) granting such other and further relief as the Court deems just and proper.

Dated November 12, 2026

Respectfully Submitted,

/s/ Katelyn M. Vinson __
Katelyn M. Vinson, Esq.
Florida Bar No. 122774
LeavenLaw
3900 1st Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Email: kvinson@leavenlaw.com
Attorney for Chapter 7 Trustee, Traci K. Stevenson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2026, a true and correct copy of the foregoing Trustee's Motion to Compel Debtor's Turnover of Artwork and Related Authentication and Provenance Documents, together with Exhibit "A," has been furnished via CM/ECF electronic notice and/or U.S. Mail, first-class postage prepaid, to the parties listed below:

U.S. Trustee, USTPRegion21.TP.ECF@usdoj.gov (CM/ECF)

Damon Anthony Dash, 6039 Cypress Gardens Blvd. #620, Winter Haven, FL 33884.

Mark S. Roher, Esq. (counsel for Debtor), mroher@markroherlaw.com and Law Office of Mark S. Roher, P.A., 1806 N. Flamingo Road, Suite 300, Pembroke Pines, FL 33028 (CM/ECF)

Megan Wilson Murray, Esq., Underwood Murray, P.A. (counsel for Christopher Brown, Josh Webber, and Muddy Water Pictures LLC d/b/a Muddy Water Pictures, Inc.) (CM/ECF)

/s/ Katelyn M. Vinson
Katelyn M. Vinson, Esq.